■ In the Matter of the Claim of BARNEY BOYEA, Respondent, against LAURENCE R. CHAPIN, Doing Business as CHAPIN & Co., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of the Workmen's Compensation Board for a 50% permanent partial disability. Claimant suffered an accident on September 30, 1950, in the course of his employment, when he fell and injured his back. It appears that claimant had a degenerative arthritic condition of the spine before the accident. Appellants contend that there is insufficient evidence to sustain a finding of permanent partial disability causally related to the accident. Claimant had been employed for about 26 years as a manager and helper in moving heavy equipment for the employer, who was engaged in the trucking business. There is considerable lay evidence, in addition to the testimony of claimant, that claimant had never complained of his back or suffered any pain or disability in his back prior to the accident, and could do his heavy work. After the accident claimant could not do heavy work and was given a supervisory job. His attending physician testified that the injury sustained in the accident aggravated the existing condition in the spine: that claimant was totally disabled from doing the work he formerly did:

that he was partially disabled from doing any and all work and that on April 20, 1953, he was "still partially disabled". The examining physician for the Workmen's Compensation Board reported that claimant's disability was "mild partial and permanent". Although there was sharply conflicting medical testimony, we think the record presented a question of fact, and that we may not say as a matter of law that there was no substantial evidence to sustain the findings of the board. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Coon, Halpern and Gibson, JJ., concur.